WO

SH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Woodie Leo Williams, Jr., | No.   CV 19-04456-PHX-JAT (MTM) |
| Plaintiff, | |
| v. | **ORDER** |
| Charles L. Ryan, et al., | |
| Defendants. | |

Plaintiff Woodie Leo Williams, Jr., who is currently confined in Arizona State Prison Complex (ASPC)-Eyman, Special Management Unit (SMU) I, brought this civil rights case pursuant to 42 U.S.C. § 1983.  (Doc. 1.)  Defendant Schaffer moves for summary judgment, and Plaintiff opposes.[1]  (Docs. 35, 38.)

**I.      Background**

On screening Plaintiff's Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated an Eighth Amendment medical care claim in Count One against Registered Nurse Nicole Schaffer based on her alleged failure to treat Plaintiff for a spider bite.  (Doc. 6.)  The Court directed Defendant Schaffer to answer Count One and dismissed the remaining claims and Defendants.  (*Id.*)

Defendant Schaffer now moves for summary judgment and argues that she was not deliberately indifferent to Plaintiff's medical needs.  (Doc. 35.)

_____

[1] The Court provided notice to Plaintiff pursuant to *Rand v. Rowland*, 154 F.3d 952, 962 (9th Cir. 1998) (en banc), regarding the requirements of a response.  (Doc. 37.)

1   **II.      Summary Judgment Standard**

2          A court must grant summary judgment "if the movant shows that there is no genuine

3   dispute as to any material fact and the movant is entitled to judgment as a matter of law."

4   Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  The

5   movant bears the initial responsibility of presenting the basis for its motion and identifying

6   those portions of the record, together with affidavits, if any, that it believes demonstrate

7   the absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323.

8          If the movant fails to carry its initial burden of production, the nonmovant need not

9   produce anything.  *Nissan Fire & Marine Ins. Co.*, *Ltd. v. Fritz Co.*, *Inc.*, 210 F.3d 1099,

10  1102-03 (9th Cir. 2000).  But if the movant meets its initial responsibility, the burden shifts

11  to the nonmovant to demonstrate the existence of a factual dispute and that the fact in

12  contention is material, i.e., a fact that might affect the outcome of the suit under the

13  governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable

14  jury could return a verdict for the nonmovant.  *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S.

15  242, 248, 250 (1986); *see Triton Energy Corp. v. Square D. Co.*, 68 F.3d 1216, 1221 (9th

16  Cir. 1995).  The nonmovant need not establish a material issue of fact conclusively in its

17  favor, *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968); however,

18  it must "come forward with specific facts showing that there is a genuine issue for trial."

19  *Matsushita Elec. Indus. Co.*, *Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal

20  citation omitted); *see* Fed. R. Civ. P. 56(c)(1).

21         At summary judgment, the judge's function is not to weigh the evidence and

22  determine the truth but to determine whether there is a genuine issue for trial.  *Anderson*,

23  477 U.S. at 249.  In its analysis, the court must believe the nonmovant's evidence and draw

24  all inferences in the nonmovant's favor.  *Id.* at 255.  The court need consider only the cited

25  materials, but it may consider any other materials in the record.  Fed. R. Civ. P. 56(c)(3).

26  . . .

27  . . .

28  . . .

1

**III.    Eighth Amendment Medical Claim**

2

     **A.    Legal Standard**

3

     To prevail on an Eighth Amendment medical claim, a prisoner must demonstrate

4 "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096

5 (9th Cir. 2006) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  There are two prongs

6 to this analysis: an objective prong and a subjective prong.  First, as to the objective prong,

7 a prisoner must show a "serious medical need."  *Jett*, 439 F.3d at 1096 (citations omitted).

8 A "'serious' medical need exists if the failure to treat a prisoner's condition could result in

9 further significant injury or the 'unnecessary and wanton infliction of pain.'"  *McGuckin*

10 *v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, *WMX Techs.,*

11 *Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal citation omitted).

12

     Second, as to the subjective prong, a prisoner must show that the defendant's

13 response to that need was deliberately indifferent.  *Jett*, 439 F.3d at 1096.  An official acts

14 with deliberate indifference if he "knows of and disregards an excessive risk to inmate

15 health or safety."  *Farmer*, 511 U.S. at 837.  To satisfy the knowledge component, the

16 official must both "be aware of facts from which the inference could be drawn that a

17 substantial risk of serious harm exists, and he must also draw the inference."  *Id.*  "Prison

18 officials are deliberately indifferent to a prisoner's serious medical needs when they deny,

19 delay, or intentionally interfere with medical treatment," *Hallett v. Morgan*, 296 F.3d 732,

20 744 (9th Cir.2002) (internal citations and quotation marks omitted), or when they fail to

21 respond to a prisoner's pain or possible medical need.  *Jett*, 439 F.3d at 1096.  But the

22 deliberate-indifference doctrine is limited; an inadvertent failure to provide adequate

23 medical care or negligence in diagnosing or treating a medical condition does not support

24 an Eighth Amendment claim.  *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012)

25 (citations omitted); *see Estelle*, 429 U.S. at 106 (negligence does not rise to the level of a

26 constitutional violation).  Further, a mere difference in medical opinion does not establish

27 deliberate indifference.  *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

28

1        Even if deliberate indifference is shown, to support an Eighth Amendment claim,

2 the prisoner must demonstrate harm caused by the indifference. *Jett*, 439 F.3d at 1096; *see*

3 *Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989) (delay in providing medical

4 treatment does not constitute Eighth Amendment violation unless delay was harmful).

5 **IV.     Plaintiff's Medical Treatment**

6        On December 12, 2018, Plaintiff submitted a Health Needs Request (HNR) asking

7 to be seen for a possible spider bite on his right leg; Plaintiff complained that he had

8 submitted an HNR on December 11, 2018 and was seen on December 12, 2018, but he was

9 told to sign a "refusal" because the wound was not infected.  (Doc. 1 at 6; Doc. 39 (Pl.

10 Statement of Facts) ¶ 1.)  Plaintiff asserts that on December 13, 2018, he was seen by

11 Defendant Schaffer regarding the wound on his right leg, and Defendant Schaffer ignored

12 the wound, told Plaintiff to go back to his pod, and come back if it got worse.  (*Id.*)[2]

13 Plaintiff asked Defendant Schaffer for a bottom tier, a lower bunk, antibiotics, and pain

14 medication, and she denied his requests.  (*Id.*)

15        On December 14, 2018, Plaintiff filed an HNR complaining that he was not being

16 treated for a spider bite that was causing him severe pain.  (Doc. 36 at 7 (Def.'s Ex. A).)

17 Plaintiff was seen by RN Tress Goff the following day on the nurse line, and RN Goff

18 observed an open wound on Plaintiff's right leg that was approximately 2.5cm, red in color,

19 hot to touch, and tender to palpation.  (*Id.* at 9–10 (Def.'s Ex. B).)  RN Goff cleaned and

20 dressed the wound and referred Plaintiff to the provider.  (*Id.* at 12.)

21        On December 17, 2018, RN Goff conducted a chart review and entered a note that

22 Plaintiff's dressing was to be changed daily for 14 days.  (*Id.* at 16–17 (Def.'s Ex. C).)

23 That same day, Plaintiff was seen by Nurse Practitioner (NP) Maureen Gay for complaints

24

25        [2] Defendant Schaffer asserts that she has "no recollection of any encounters with [Plaintiff] on this date and the medical record does not reflect [Defendant Schaffer]

26 assessing Plaintiff on this date." (Doc. 36 at 112 (Schaffer Decl. ¶ 7).)  Failure to remember factual information, like having a "belief" in factual information, is insufficient to show a

27 material factual dispute because it does not show personal knowledge. *See Bank Melli Iran v. Pahlavi,* 58 F.3d 1406, 1412-13 (9th Cir.1995) (declaration on information and belief

28 are entitled to no weight where declarant lacks personal knowledge).  Thus, the Court will accept as true Plaintiff's statements regarding his December 13, 2018 appointment with Defendant Schaffer because they are based on Plaintiff's personal knowledge.

1    of an abscess on his right calf.  (*Id.* at 20 (Def.'s Ex. D).)  NP Gay noted a lesion on

2    Plaintiff's right calf "with raised [erythema] with partial open and partial scabbed with

3    blood tinged purulent drainage expresses" and positive surrounding cellulitis.  (*Id.*)  NP

4    Gay assessed Plaintiff with carbuncle of right lower limb, ordered daily dressing changes

5    for 30 days, prescribed several antibiotics including Minocycline, Ceftriaxone, and

6    Sulfameth-Trimeth, and ordered a single dose of Codeine and a five-day course of

7    Ibuprofen for pain.  (*Id.* at 21–22.)

8         On December 20, 2018, Plaintiff had a follow-up with NP Gay, and Plaintiff's

9    abscess "required incision and drainage."  (*Id.* at 29 (Def.'s Ex. E).)  NP Gay noted that

10   Plaintiff's "skin remains tau[t] with drainage noted from wound, erythema left calf remains

11   and unchanged." (*Id.*)  NP Gay observed a 1-inch necrotic scab with surrounding erythema,

12   edema, and pus.  (*Id.*)  NP Gay administered Ceftriaxone and Codeine and ordered a 7-day

13   course of Codeine and a wound culture.  (*Id.* at 30.)  Defendant Schaffer entered NP Gay's

14   orders into the system that same day.  (*Id.* at 31.)

15        On January 8, 2018, Plaintiff had another follow-up with NP Gay, and NP Gay

16   observed a 2-inch wound on Plaintiff's right inner calf that was pink with minimal drainage

17   and no odor, slough, or eschar (scab).  (*Id.* at 34 (Def.'s Ex. F).)  NP Gay ordered Codeine

18   and Ibuprofen and continued daily dressing changes.  (*Id.* at 36.)

19        Plaintiff received almost daily wound care between December 16, 2018 and January

20   15, 2019; he also maintained active antibiotic prescriptions.  (*See id.* at 38–108 (Def.'s Ex.

21   G).)  During this time, Defendant Schaffer performed Plaintiff's wound care on December

22   18, 19, 20, 21, 27, and 29, 2018 and on January 10, 2019.  (*Id.* at 44, 47, 53, 56, 68, 74, 95

23   (Def.'s Ex. G).)

24   **V.     Discussion**

25        The record is sufficient to support that Plaintiff's right leg wound constituted a

26   serious medical need and was "worthy of comment or treatment[,]" including several

27   provider appointments, daily wound care, antibiotics, and pain medications.    *See*

28

1    *McGuckin*, 974 F.2d at 1059-60.  The Court must therefore determine whether Defendant

2    Schaffer's response to Plaintiff's serious medical need amounted to deliberate indifference.

3          Construing the facts in Plaintiff's favor, Plaintiff was seen by Defendant Schaffer

4    on or about December 13, 2018 regarding the wound on his right leg, and Defendant

5    Schaffer sent Plaintiff back to his pod and told him to come back if it got worse; Defendant

6    Schaffer denied Plaintiff's request for a bottom tier, a lower bunk, antibiotics, and pain

7    medication.  (Doc. 1 at 6–7; Doc. 39 ¶ 1.)  No notes or records from Plaintiff's December

8    13, 2018 encounter with Defendant Schaffer were provided to the Court.  But the available

9    evidence shows that Plaintiff was informed on December 12, 2018—the day *before* his

10   appointment with Defendant Schaffer—that the wound was not infected.  (*Id.*)  On

11   December 15, 2018—two days *after* his appointment with Defendant Schaffer—RN Goff

12   noted that the wound was red in color, approximately 2.5cm, hot to touch, and tender to

13   palpation, but she did not note any pus, swelling, odor, drainage, or other signs of infection.

14   (Doc. 36 at 9–10.)  Plaintiff's wound was not determined to be infected until December 17,

15   2018, when NP Gay noted that the wound was raised and discharging blood-tinged pus,

16   and she diagnosed him with carbuncle of the right lower limb.  (*Id.* at 20–21.)

17         Assuming Plaintiff was seen by Defendant Schaffer on December 13, 2018, there

18   are no facts in the record to suggest that she was objectively aware of a significant risk to

19   Plaintiff's health.  There is no evidence that Defendant Schaffer observed any signs or

20   symptoms of infection or had an objective reason to believe that Plaintiff's wound was

21   infected, warranted treatment with antibiotics or pain medications, or required that Plaintiff

22   be assigned to a lower bunk.  To preclude summary judgment, Plaintiff must "come

23   forward with specific facts showing" that there exists a material factual dispute.

24   *Matsushita Elec.*, 475 U.S. at 587; *see Celotex*, 477 U.S. at 324 (nonmovant must "go

25   beyond the pleadings" and "designate specific facts showing that there is a genuine issue

26   for trial").  Plaintiff's general assertions regarding his December 13, 2018 encounter with

27   Defendant Schaffer are insufficient to create a triable issue of fact as to Defendant

28   Schaffer's liability because the available medical evidence does not support a finding that

1  Defendant Schaffer was aware of facts from which the inference could be drawn that a

2  substantial risk of serious harm existed on December 13, 2018, and that she drew such an

3  inference.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (party opposing summary

4  judgment may not rest on conclusory allegations or mere assertions).  Plaintiff's evidence

5  shows that Defendant Schaffer did not consider the wound on his leg a serious injury when

6  she saw him on December 13, 2018, and Plaintiff's medical records show that the wound

7  did not exhibit signs of infection until days after he was seen by Defendant Schaffer.  Thus,

8  the record does not support that Defendant Schaffer appreciated the significance of the

9  wound on Plaintiff's leg when she saw him on December 13, 2018.  At most, Defendant

10  Schaffer's decision to send Plaintiff back to his pod amounted to negligence, but

11  negligence does not amount to an Eighth Amendment violation.  *Estelle*, 429 U.S. at 106

12  (negligence does not rise to the level of a constitutional violation).  Further, there is no

13  evidence that the wound care Defendant Schaffer provided to Plaintiff in December 2018

14  and January 2019 amounted to deliberate indifference.  Accordingly, summary judgment

15  will be granted to Defendant Schaffer.

16  **IT IS ORDERED** that the reference to the Magistrate Judge is withdrawn as to

17  Defendant Schaffer's Motion for Summary Judgment (Doc. 35), and the Motion is

18  **granted**.  The action is terminated with prejudice, and the Clerk of Court must enter

19  judgment accordingly.

20  Dated this 4th day of November, 2020.

James A. Teilborg
Senior United States District Judge

- 7 -